FILED'08 MAR 21 1451USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID W. CLEMMONS,

       Plaintiff,

         v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

       Defendant.

Civil No. 06-1624-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

Plaintiff David Clemmons seeks judicial review of a final decision denying his

application for disability insurance benefits and supplemental social security income.  His

application was denied initially and upon reconsideration.  An Administrative Law Judge (ALJ)

conducted a hearing on September 21, 2005.   On October 20, 2005, the ALJ issued a decision

1- OPINION AND ORDER

finding that plaintiff was not entitled to benefits. This decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff seeks judicial review.

## STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of

2- OPINION AND ORDER

Impairments). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g);

3- OPINION AND ORDER

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

## SUMMARY OF THE ALJ'S FINDINGS

At Step One of the five-step analysis used by the Commissioner, the ALJ found that plaintiff has not engaged in SGA since the alleged onset of his disability. Transcript of Record (hereinafter "Tr.") 23.

At Step Two, the ALJ found that plaintiff had severe impairments, including obesity and degenerative disc disease. Tr. 23.

4- OPINION AND ORDER

At Step Three, the ALJ found that plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment. Tr. 23.

At Step Four, the ALJ found, based on Vocational Expert testimony, that plaintiff could perform his past relevant work as a auto dealership service manager. Tr. 24. The ALJ so found after determining that plaintiff retained the residual functional capacity to engage in the full range of light exertional work activities with occasional pushing, pulling, climbing, kneeling, stooping, crouching, crawling, and balancing. Tr. 23, 691.

## FACTS

The relevant background, which has been presented thoroughly by the parties and in the ALJ's decision, is summarized here. Plaintiff, who was forty-nine years old at the time of his first hearing, has a high school education and attended four years of college. Tr. 16. Plaintiff had past relevant work as a automobile dealership service manager, school bus driver, and group home residence manager. Tr. 16. Specific medical facts and background will be addressed as necessary in conjunction with the parties' legal arguments.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for payment of benefits because the ALJ: (1) failed to give clear and convincing reasons for rejecting plaintiff's testimony, (2) failed to credit the opinions of the treating doctors and (3) failed to properly evaluate the testimony of plaintiff's spouse.

### 1.    Plaintiff's Testimony

Plaintiff asserts that the ALJ erred in evaluating his testimony. If an ALJ finds that a claimant's testimony relating to limitations is unreliable, the ALJ must make a credibility

5- OPINION AND ORDER

determination citing the reasons why that testimony is unpersuasive. *See Bunnell v. Sullivan*, 947

F.2d 341, 345 (9th Cir. 1991) (en banc). The ALJ must identify specifically what testimony is

credible and what testimony undermines the claimant's complaints. *See Lester v. Chater*, 81 F.3d

821, 834 (9th Cir. 1995); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In evaluating a claimant's claim of subjective symptom testimony, the ALJ must

determine whether the claimant has produced objective medical evidence of an underlying

impairment which could reasonably be expected to produce the symptoms alleged. 20 C.F.R. §

404.1529(a); *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996). An ALJ may consider

medical evidence as a relevant factor in determining a claimant's credibility. *Rollins v.*

*Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir.

1986), (reaffirmed in *Bunnell*), to assist the ALJ in deciding whether to accept a claimant's

subjective symptom testimony. If the claimant produces evidence that meets the *Cotton* test, and

there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the

severity of symptoms only after offering specific, clear and convincing reasons for doing so. *See*

*Dodrill*, 12 F.3d at 918.

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms

must meet two tests. First, the claimant "must produce objective medical evidence of an

underlying impairment 'which could reasonably be expected to produce the pain or other

symptoms alleged . . . .'" *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A) (1988));

*see also Cotton*, 799 F.2d at 1407. Second, he or she must show that the impairment or

combination of impairments could reasonably be expected to produce some degree of symptom.

6- OPINION AND ORDER

This means that the claimant need not produce objective medical evidence of the *symptom*, or it's severity:

> Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the *Cotton* test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> Finally, the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. This approach reflects the highly subjective and idiosyncratic nature of pain and other such symptoms. . . . Thus, the ALJ may not reject subjective symptom testimony under the *Cotton* analysis simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged.

*Smolen*, 80 F.3d at 1282 (emphasis in original) (citations and footnote omitted).

In addition to medical evidence, factors relevant to the ALJ's credibility determination include: a plaintiff's daily activities; the location, duration, frequency, and intensity of his or her symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment, other than medication; measures used to relieve symptoms; and functional limitations caused by the symptoms. *Id.* at 1284; 20 C.F.R. § 404.1529(c)(3).

"The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284 (citation omitted). In determining that subjective testimony is not credible, the ALJ may rely on:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Id.* (citations and footnote omitted).

7- OPINION AND ORDER

In sum, if the plaintiff has met the burden of showing that his or her impairment or combination of impairments *could reasonably be expected to* produce some degree of the symptoms plaintiff's testimony describes, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may not reject testimony regarding the severity of plaintiff's symptoms unless there are clear and convincing reasons for doing so. *Id*. at 1283; *see also Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

Here, plaintiff produced some objective medical evidence regarding his impairments. However, the ALJ also referred to clear and convincing evidence in the record supporting the ultimate rejection of plaintiff's testimony. The ALJ properly found plaintiff's subjective complaints to be inconsistent with the medical evidence and his credibility thereby diminished regarding his complaints of debilitating pain. The ALJ noted that there were minimal medical findings and no evidence of persistent significant symptoms. Tr. 21. The ALJ also noted that during an independent medical examination on December 30, 2002, it was determined that plaintiff could perform a medium range of work exertional activities, yet plaintiff reported pain at a level "that would render most individuals virtually incoherent." Tr. 22.

An ALJ may also consider a claimant's daily activities when assessing his credibility. *See Thomas*, 278 F.3d at 958-59. Here, plaintiff reported severely limited daily activities, yet the ALJ reasonably found that plaintiff had lifted heavy a metal pipe (which he later dropped on his foot), put up holiday lights using an extension ladder (which broke while plaintiff was on it), and lifted and carried 100-pound sacks of animal feed (although doing so exacerbated plaintiff's injuries). Tr. 21. While these activities were not equivalent to working, his level of activity was

8- OPINION AND ORDER

relevant to his credibility and suggested that plaintiff was more capable than he alleged.  The ALJ

thus provided clear and convincing reasons for rejecting plaintiff's testimony.

    **2.**    **Medical Opinions**

    Plaintiff argues that the ALJ failed to give clear and convincing reasons for rejecting the

opinions of Dr. Jeffrey Humphrey and Dr. Donald Olson.  The court concludes that the ALJ did

not err in rejecting the opinions of Dr. Humphrey and Dr. Olson.

    An ALJ must provide clear and convincing reasons for rejecting uncontroverted expert

opinions, and must provide specific, legitimate reasons for rejecting controverted expert

opinions.  *Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995); *see also Embrey v. Bowen*, 849

F.2d 418, 422 (9th Cir. 1988) (clear and convincing reasons must be provided to support

rejection of a treating physician's ultimate conclusions).

    "Although a treating physician's opinion is generally afforded the greatest weight in

disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the

ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)

(citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)).  An ALJ need not accept a

treating physician's opinion that is conclusory, brief, and unsupported by clinical findings.

*Tonapetyan*, 242 F.3d at 1149 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)).

However, an ALJ must give weight not only to the treating physician's clinical findings and

interpretation of test results, but also to the doctor's subjective judgments.  *Lester*, 81 F.3d at

832-33 (citing *Embrey*, 849 F.2d at 422).

    On August 17, 2005, Dr. Humphrey reported that plaintiff needed to rest or lie down

three hours in an eight-hour day, but could sit for up to six hours and stand for up to three hours.

Tr. 20.  The ALJ found that this later assessment by Dr. Humphrey was inconsistent with his

October 23, 2002, statement that the claimant was medically stable and able to perform light duty

work.  Tr. 21.  An ALJ may reject a medical opinion that is brief, conclusory, and inadequately

supported by clinical findings.  *Tonapetyan*, 242 F.3d at 1149.

On September 22, 2005, Dr. Olson reported that during an eight-hour day plaintiff needed

to lie down three to four hours, and could sit for up to two hours and stand or walk up to two

hours.  The ALJ found that there was no objective basis for this opinion of limitation.  Tr. 21.

The ALJ noted that Dr. Olson's assessed limitations were inconsistent with his own treatment

notes, which stated on May 12, 2003, "have him on light duty status," Tr. 441, and on June 9,

2003, stated that plaintiff could "continue on  a modified work status. . . which would be 10

pounds lifting, no more than 2 hours intermittently sitting, standing, walking on a continuous

basis."  Tr. 529.  The court finds that the ALJ provided clear and convincing reasons for rejecting

Dr. Olson's assessment of plaintiff's limitations, based on the inconsistencies between the

doctor's treatment notes and his ultimate opinion of disability.

Furthermore, the ALJ noted that both doctors' assessments were based on plaintiff's

subjective descriptions of his limitations, which the ALJ had concluded were exaggerated.  An

ALJ may properly disregard a medical opinion, even the opinion of an examining source, which

is based on the self-reporting of a properly discredited claimant.  *Tonapetyan v. Halter*, 242 F.3d

1144, 1149 (9th Cir. 2001).

### 3.    Third-Party Testimony

Plaintiff asserts that the ALJ erred in failing to credit the testimony of plaintiff's wife,

Brenda Clemmons.  Lay testimony regarding a claimant's symptoms "is competent evidence that

an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Lay testimony may be discounted if it conflicts with medical evidence. *Id.* An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons." *Id.* at 512.

Here, the ALJ properly considered Mrs. Clemmons' testimony. The ALJ noted that she submitted two third-party reports concerning plaintiff's functional ability. Tr. 20. Although Mrs. Clemmons testified, among other things, that plaintiff was now short-tempered, easily frustrated, endured severe pain and had limited his activities, the ALJ correctly noted the discrepancy between Mrs. Clemmons' allegations of dysfunction, and plaintiff's actual activities. Tr. 21. Accordingly, the ALJ properly considered the lay witness evidence and accorded it appropriate weight.

## CONCLUSION

For the foregoing reasons, the court holds that the findings of the Commissioner are based upon the correct legal standards and are supported by substantial evidence in the record. The final decision of the Commissioner denying plaintiff's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this _21_ day of March, 2008.

Ancer L. Haggerty
United States District Judge

11- OPINION AND ORDER